**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW ABRAHAM, on behalf of himself, and for all others similarly situated,

Plaintiff-Appellant,

v.

CORIZON HEALTH, INC., FKA Prison Health Services, Inc.,

Defendant-Appellee.

No.    17-36047

D.C. No. 3:16-cv-01877-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 5, 2019
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

Andrew Abraham appeals the district court's orders: (1) dismissing his claim

under Title II of the Americans with Disabilities Act ("ADA"); (2) granting

summary judgment on his claim under Section 504 of the Rehabilitation Act of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

1973; and (3) denying his motion to amend, as futile, his claim under Oregon's Public Accommodation Act, Or. Rev. Stat. § 659A.142. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

This Court reviews *de novo* a district court's order granting a motion to dismiss under Rule 12(b)(6). *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). A district court's grant of summary judgment is reviewed *de novo*. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000). We review a district court's denial of leave to amend on grounds of futility *de novo*. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).

1. The district court properly dismissed Abraham's Title II claim against Corizon Health, Inc. ("Corizon"), a private corporation, because "[o]nly public entities are subject to Title II." *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1773 (2015).

2. The district court also properly granted Corizon's motion for summary judgment on Abraham's Rehabilitation Act claim. To be liable under the Rehabilitation Act, an entity must actually receive federal financial assistance, not merely benefit economically from it. *Sharer v. Oregon*, 581 F.3d 1176, 1177–78, 1181 (9th Cir. 2009). Abraham presented no evidence that Corizon received federal financial assistance directly or indirectly in 2015. *See id.* at 1180–81.

3. Abraham argues that the district court erred in denying his motion to

amend his Oregon Revised Statute § 659A.142 claim as futile because, contrary to the court's conclusion, Corizon is a "place of public accommodation," as defined by § 659A.400. Oregon courts have yet to address whether a private contractor like Corizon constitutes a "place of public accommodation." It also appears that the district court did not consider whether there existed independent or supplemental jurisdiction over Abraham's § 659A.142 claim when it granted a summary judgment to Corizon on Abraham's final federal claim. We therefore vacate the district court's order denying Abraham's motion to amend as futile and remand for the court to consider its jurisdiction over Abraham's § 659A.142 claim in the first instance. *See Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 942 n.19 (9th Cir. 2004) ("[W]e also remand the employees' state-law claims to the district court for reconsideration—including whether the exercise of supplemental jurisdiction over such claims is appropriate in the first instance given the paucity of state law authority on the precise topic at issue in this litigation." (citing 28 U.S.C. § 1367(c)).

**AFFIRMED in part, VACTED in part, and REMANDED.** Each party shall bear its own costs.

3